**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Clara McElveen Cooper, | ) | |
| | ) | |
| Petitioner, | ) | 4:04-598-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On February 26, 2004, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking her guilty plea and sentence. On April 8, 2005, the government moved for summary judgment. On April 11, 2005, the Court issued a Roseboro order, advising the petitioner of summary judgment dismissal procedure and informing the petitioner that she must respond within 34 days of the date of the order. On May 2, 2005, the petitioner filed a motion for a 60 day extension of time. On May 6, 2005, the court granted the petitioner's motion. On December 20, 2005, the Court gave the petitioner an additional 30 days to respond. To this date, the petitioner has not responded. This matter is now before the Court for disposition.

On December 20, 2000, a grand jury returned an indictment charging the petitioner with conspiracy "to distribute and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine" in violation of 21 U.S.C. §§ 841(a)(1) and 846. On October 25, 2001, the petitioner pled guilty. On July 2, 2002, the Court sentenced the petitioner to 168 months imprisonment followed by 5 years of supervised release. On July 31, 2002, judgment was entered.

On July 10, 2002, the petitioner appealed her sentence to the Fourth Circuit Court of

Appeals. On April 2, 2003, the Fourth Circuit Court of Appeals affirmed the petitioner's sentence.

The petitioner claims: (1) that trial counsel was ineffective for failing to object to an improper drug amount that was greater than the amount stipulated in the plea agreement, (2) that the government breached the terms of the plea agreement, and (3) that her sentence violated Booker.

Ineffective Assistance of Counsel

The petitioner claims that her trial counsel was ineffective for failing to object to a drug amount that was greater than the drug amount in the plea agreement. In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that her attorney's representation fell

below an objective standard of reasonableness. Id. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, she would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel.

The petitioner claims that her counsel was ineffective because he failed to object to a drug amount that was greater than the amount stipulated in the plea agreement. First, the record does not support this claim. In the plea agreement, the petitioner agreed to plead guilty to the indictment, which charged her with conspiracy to "possess with intent to distribute and to distribute 50 grams or more of cocaine base . . . and 5 kilograms or more of cocaine." Neither the indictment nor the plea agreement limited the petitioner's drug quantity to 5 kilograms of powder cocaine.

Second, trial counsel's failure to object to the drug amount was a trial strategy, and his decision does not constitute deficient performance. The petitioner initially objected to the drug amount. According to trial counsel's affidavit, in light of the evidence against her, the petitioner and trial counsel decided to voluntarily withdraw any objections to the amount of drugs with the hope that the petitioner would qualify for a departure under the Safety Valve provision of the Sentencing Guidelines. U.S.S.G. §5C1.2. Trial counsel also avers that the petitioner agreed that

she was responsible for the amount of drugs attributed to her in the presentence report. However, at sentencing, the petitioner did not qualify for a departure under the Safety Valve because the government did not conclude that she had been truthful and forthright. U.S.S.G. §5C1.2(a)(5). The petitioner bears the burden of proving that trial counsel's challenged act or omission was not sound strategy. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). In this case, the unfavorable outcome of not receiving the safety valve does not indicate that trial counsel was ineffective when he failed to object to a drug amount that the petitioner agreed she was responsible for. Counsel was not deficient in failing to object to a drug amount agreed to by the petitioner.

Third, the petitioner was not prejudiced. The petitioner's drug quantity was based on statements obtained from cooperating witnesses who outlined their transactions with her as well as the petitioner's own admissions. The petitioner has not shown that she was sentenced for an incorrect drug amount and is not entitled to relief on this claim.

The petitioner has failed to show any objective deficiency in counsel's representation, or that but for the alleged errors, she would have insisted on going to trial. Therefore, the petitioner has failed to satisfy either prong of Strickland. As a result, her claim of ineffective assistance of counsel is without merit and provides no basis for relief.

Breach of the Plea Agreement

The petitioner claims that the government breached its plea agreement by allowing her to be accountable for more than 5 kilograms of powder cocaine. The petitioner's claim is without merit.

A plea agreement is breached when a government promise that induced the plea goes

unfulfilled.  United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993).  The government is bound only to promises actually made to the defendant.  United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994).  A plea agreement is construed in accordance with principles of contract law so that each party receives the benefit of the bargain; however, because a plea agreement implicates a defendant's fundamental and constitutional rights, the agreement is analyzed with more scrutiny than a commercial contract.  United States v. Holbrook, 268 F.3d 415, 420 (4th Cir. 2004).

As stated above, the petitioner agreed to plead guilty to the indictment, which charged her with conspiracy to "possess with intent to distribute and to distribute 50 grams or more of cocaine base . . . and 5 kilograms or more of cocaine."  The indictment did not limit the amount of drugs attributed to the petitioner.  The government did not breach the plea agreement because it never agreed to limit the petitioner's drug quantity to 5 kilograms of powder cocaine.  The petitioner has not shown that the government breached the plea agreement and she is not entitled to relief on this claim.

Booker

The petitioner claims that her sentence violates United States v. Booker, 543 U.S. 220 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review."  Id. at 225.  Subsequent to the decision in Booker, the Fourth Circuit ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided."  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.  The petitioner's sentence became final

in 2003 "before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.  The petitioner has not shown prejudice, and she is not entitled to relief on this claim.

The Court determines that the petitioner's drug amount was correctly calculated.  Trial counsel's failure to object to the drug amount does not constitute ineffective assistance of counsel.  The Court finds that the government did not violate the plea agreement.  The Court hereby grants the government's motion for summary judgment.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 8, 2007
Charleston, South Carolina